UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>CHRISTIAN PABON,<br><br>               Defendant. | 18-cr-319 (SHS)<br>25-cv-9574 (SHS)<br><br>OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

In 2022, a jury convicted defendant Christian Pabon of one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) and one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) for which this Court sentenced him to concurrent terms of imprisonment of 360 months and life, respectively. (Dkt. No. 588.) The U.S. Court of Appeals for the Second Circuit subsequently affirmed Pabon's conviction in *United States v. Fertides*, No. 22-2991, 2024 WL 3319654 (2d Cir. July 8, 2024), *cert. denied sub nom. Pabon v. United States*, 145 S. Ct. 460 (2024). Pabon now moves *pro se* to vacate his conviction of murder in aid of racketeering, claiming that the evidence introduced at his trial was insufficient to establish that he maintained the requisite intent to commit murder under New York law and alleging that both his trial counsel and appellate counsel were constitutionally defective for failing to bring a challenge on this basis. (Dkt. No. 652.) For the reasons set forth below, the Court denies Pabon's motion.

## I. LEGAL STANDARD

28 U.S.C. § 2255 directs the Court to vacate, set aside, or correct a judgment if it finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Review pursuant to section 2255 is "narrowly limited in order to preserve the finality of criminal sentences," *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (citation modified), and "the burden of proof is on the party seeking relief," *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005) (quoting *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973)).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court set forth the standard a petitioner must meet to succeed on a claim of ineffective assistance of counsel. To succeed, a petitioner must prove that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." 466 U.S. at 687–88, 694. Although a district court may hold a hearing on a motion brought pursuant to section 2255, there is no need for a hearing where a petitioner's allegations are "vague, conclusory, or palpably incredible." *Gonzalez v. United States*, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Id.* at 131.

## II. DISCUSSION

Pabon challenges his conviction of murder in aid of racketeering on two grounds. First, he contends that the evidence introduced during his trial was insufficient to support that he acted with the requisite intent to commit murder under New York law—a predicate to his conviction pursuant to 18 U.S.C. § 1959(a)(1). (*See* Dkt. No. 652 at 1–2.) Second, Pabon asserts that his trial counsel was ineffective for failing to argue this evidentiary deficiency at trial and that appellate counsel was ineffective for failing to challenge this evidentiary deficiency on appeal. (*Id.* at 4–10). Pabon's ability to challenge the sufficiency of the trial evidence hinges on the success of his claim of ineffective assistance of counsel.[1] Accordingly, the Court begins by considering whether Pabon's trial or appellate counsel were constitutionally deficient.

Pabon appears to claim that because the gunshot victim who died, Orlando Rivera, was not Pabon's intended victim, Pabon's trial and appellate counsel were obligated to argue that Pabon lacked the requisite intent to murder Rivera under New York law. (*See id.* at 6.) However, pursuant to New York Penal Law § 125.25, a person is guilty of murder in the second degree when "[w]ith intent to cause the death of another person, he causes the death of such person *or of a third person*." N.Y. Penal Law § 125.25 (emphasis added). "Under this definition, it is not necessary to establish that the resulting death is of the defendant's intended victim; rather, what is required is that the requisite intent to kill is established and the death of a person results." *Stone v. Stinson*, 121 F. Supp. 2d 226, 247 (W.D.N.Y. 2000). (*See also* Tr. at 1126–27 (instructing the jury properly on the definition of murder under New York law).) Accordingly, neither Pabon's trial counsel nor Pabon's appellate counsel was constitutionally deficient in this regard. *See United States v. Davis*, 122 F.4th 71, 76 (2d Cir. 2024) (per curiam) ("[I]t is well

---

[1] Pabon failed to raise this claim of insufficient evidence during his direct appeal. *See Fertides*, 2024 WL 3319654. Accordingly, Pabon has procedurally defaulted this claim absent "cause" or "actual innocence." *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Pabon's motion asserts that the cause of this default was the ineffective assistance of counsel. (*See* Dkt. No. 652 at 9.) Therefore, whether Pabon may proceed in challenging the sufficiency of the evidence hinges on the Court's resolution of Pabon's ineffective-assistance-of-counsel claim.

2

settled that 'failure to make a meritless argument does not amount to ineffective assistance.'" (quoting *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008))).

At Pabon's trial, the Government introduced testimony establishing that, on the day of the shooting, Pabon and a fellow gang member went to the vicinity of 193rd Street to retaliate against a rival gang. (Tr. at 221–23.) The Government presented security footage showing Pabon and a fellow gang member firing multiple gunshots into a crowd standing near 193rd Street. (*Id*. at 85–95, 475-87.) According to the testimony of Raymond Castillo, Pabon admitted after the shooting that he and another gang member had been "shooting at some OED guys" — the OED was a rival gang — but that Rivera "happened to get hit." (*Id*. at 228.) Castillo also testified that Pabon acknowledged firing the shot that killed Rivera. (*Id*.) In the face of this evidence, both Pabon's trial counsel and appellate counsel were certainly permitted to prioritize alternative arguments in defense of Pabon, and such tactical decisions are precisely the sort that courts should not second-guess. *See United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." (citation modified)).

Because Pabon has failed to establish that his appellate counsel was constitutionally deficient, Pabon's remaining challenge to the sufficiency of the evidence demonstrating his intent to kill Rivera is deemed procedurally defaulted. *Thorn*, 659 F.3d at 231 ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."). Having determined that Pabon's motion fails plausibly to claim ineffective assistance of counsel, the Court denies Pabon's motion without a hearing. Because Pabon has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to defendant as follows: Christian Pabon [76566-067], FCI Victorville Medium II, Federal Correctional Institution, P.O. Box 3850, Adelanto, CA 92301.

Dated:  New York, New York
        March 26, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3